IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 MAR 29 PM 4:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DWIGHT MYRICKS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV 03-B-0163-S |
| FEDERAL RESERVE BANK OF ATLANTA, | ) |
| Defendant. | ) |

ENTERED
MAR 29 2004

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Strike Evidence Submitted under Tab 36 of Plaintiff's Submission of Evidence, (doc. 14), defendant's Motion to Strike Portions of the Declaration of Clauzell Williams, (doc. 15), defendant's Motion to Strike Declaration of LaToya Smith, (doc. 16), defendant's Motion to Strike "Tab 23" of Plaintiff's Evidentiary Submission in Opposition to Summary Judgment and Exhibits A and C to the Declaration of Kineshia Collins, (doc. 17), and plaintiff's Motion to Strike Declarations of Andre T. Anderson and Monica Terry, (doc. 23). For the reasons set forth below, the court finds –

(1) Defendant's Motion to Strike Evidence Submitted under Tab 36 of Plaintiff's Submission of Evidence, (doc. 14), is due to be denied.

(2) Defendant's Motion to Strike Portions of the Declaration of Clauzell Williams, (doc. 15), is due to be granted in part and denied in part.

(3) Defendant's Motion to Strike Declaration of LaToya Smith, (doc. 16), is due to be granted in part and denied in part. Smith's Declaration will be considered only to the extent it is offered as impeachment evidence.

(4) Defendant's Motion to Strike "Tab 23" of Plaintiff's Evidentiary Submission and Exhibits A and C to the Declaration of Kineshia Collins, (doc. 17), is due to be granted in part and denied in part. Defendant's Motion to Strike Tab 23 is due to be granted, without objection. Defendant's Motion to Strike Exhibits A and C of the Declaration of Kineshia Collins is due to be denied.

(5) Plaintiff's Motion to Strike Declarations of Andre T. Anderson and Monica Terry, (doc. 23), is due to be denied.

## DISCUSSION

### A.   MOTION TO STRIKE EVIDENCE SUBMITTED UNDER TAB 36 OF PLAINTIFF'S SUBMISSION OF EVIDENCE

Plaintiff's Evidence under Tab 36 of its Evidentiary Submission is a copy of the cover and pages 4 and 5 of *Status of Equal Employment Opportunity at the Federal Reserve: Diversity Still Lacking, Part I*, STAFF REPORT OF THE COMMITTEE ON BANKING, FINANCE AND URBAN AFFAIRS, HOUSE OF REPRESENTATIVES (Dec. 1993). A Staff Report, prepared for the House of Representatives' Committee on Banking, Finance, and Urban Affairs, in December 1993, stated that *"[m]inorities and women are significantly underrepresented at the highest levels of the Federal Reserve Board and the Federal Reserve Banks."* (Doc. 12, Ex. 36 at 4.)(Italics in original.) The Report found, "Systemwide, there are no minorities and few women at the senior officers level. Even more disturbing, the limited representation of

.                                                            2

women and minorities in the 'pipeline' (grades 14-16)[1] to official level positions, demonstrates that increased minority and women representation is unlikely to occur in the near future." (*Id.*) Defendant has moved to strike this exhibit asserting 1) that excerpted pages are hearsay, not within any exception, 2) the document suffers from a lack of trustworthiness, 3) the excerpts are inadmissible expert opinion testimony, and 4) the document is not authenticated.

### 1. Hearsay

Rule 803(8)(C) of the Federal Rules of Evidence exclude "Records, *reports*, statements, or data compilations, in any form, of public offices or agencies, setting forth . . .(C) . . . *factual findings* resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness" from the rule against admitting hearsay evidence. Therefore, the "Findings" in the Staff Report are admissible as an exception to the hearsay absent a lack of trustworthiness. *Id.*

In response to defendant's Motion to Strike, plaintiff has submitted additional portions of the report, including a letter from Henry Gonzalez, Chairman of House Committee on Banking, Finance and Urban Affairs. (Doc. 19, Ex. 1 at 1-2.) This letter states, in part, "This study examines the staffing statistics of the Federal Reserve Board and twelve Federal Reserve Banks." (*Id.*) The "Introduction" to the report states:

---

[1] The court notes that near the time the Staff Report was prepared, the Grades were changed. For example, on October 1, 1992, a Lead Clerk position was a Grade 9; on October 1, 1993, a Lead Clerk position was a Grade 26. (Doc. 8, Ex. F, ex. 10 at 5834.)

3

> Rule X of the House of Representatives assigns the Committee on Banking, Finance and Urban Affairs broad investigatory powers over the operation and activities of the agencies and departments subject to its legislative jurisdiction.
>
> As part of the Committee on Banking, Finance and Urban Affairs' continuing oversight of the Federal Reserve System, letters requesting specific information regarding equal employment opportunity (EEO) were sent to the Board of Governors of the Federal Reserve System (Board) and each of the twelve Federal Reserve Banks (Reserve Banks). What follows are findings and recommendations, a summary of the Board's and each . . . Reserve Bank's reported information on this issue and copies of the letters and their responses.

(*Id.* at 3.) Given this framework for the report, the court finds nothing to indicate that the excerpted portions of the report submitted by plaintiff in opposition to defendant's Motion for Summary Judgment are not trustworthy.

Therefore, the court finds that the excerpts from the report are admissible as an exception to the hearsay rule pursuant to Fed. R. Evid 803(8)(C).

**2. Expert Opinion Testimony**

Defendant contends that the excerpted pages of the report, which are titled "Findings", are due to be stricken because they contain expert opinion testimony, which plaintiff did not properly disclose pursuant to Fed. R. Civ. P. 26(a)(2). The court finds that the "Findings" in the report are not expert opinion testimony, but fact testimony. *See Barfield v. Orange County*, 911 F.2d 644, 651 n.8 (11th Cir. 1990), *cert. denied*, 500 U.S. 954 (1991). Therefore, such pages will not be stricken based on plaintiff's failure to disclose pursuant to Fed. R. Civ. P. (a)(2).

3. **Authentication**

"Under Fed. R. Evid. 901(a), documents must be properly authenticated as a condition precedent to their admissibility by evidence sufficient to support a finding that the matter in question is what its proponent claims. A document may be authenticated by appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000)(internal citations and quotations omitted), *cert. denied* 533 U.S. 940 (2001).

Defendant argues that the report cannot be authenticated because the cover contains a disclaimer, which states, "This report has not been officially adopted by the Committee on Banking, Finance and Urban Affairs and may not therefore necessarily reflect the views of its members." (Doc. 14, Ex. A.) However, the fact that the Committee has not adopted the report as its own does not mean that the report is not what it purports to be – the Staff Report on the Status of Equal Employment Opportunity at the Federal Reserve.

Given the appearance, contents, and substance of the exhibit before the court, the court finds that the report is what plaintiff contends it to be and, thus, is sufficiently authenticated.

Based on the foregoing, defendant's Motion to Strike Evidence Submitted under Tab 36 of Plaintiff's Submission of Evidence, (doc. 14), will be denied. Although the Motion to Strike this exhibit is denied, the court notes that the report is dated December 1993 and as defendant argues in its Motion to Strike, ""[p]resumably the report is based on data even

older than 1993, none of which has any relevance to the employment actions at issue in this case." Motion to Strike Evidence Submitted Under Tab 36 at p. 3.

## B. DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE DECLARATION OF CLAUZELL WILLIAMS

Defendant has filed a Motion to Strike, asking the court to strike certain portions of the Declaration of Clauzell Williams. (Doc. 15.) Particularly, defendant asks the court to strike those portions of Williams's Declaration concerning "job titles and job families," (*see* doc. 12, Ex. 3 ¶ 2 and ex. A), and her statements regarding the lack of objective standards used by defendant to measure performance, (*see id*. ¶ 3). Defendant's objections to Ms. Williams's testimony are not well taken.

Defendant has employed Williams for over 30 years, and she currently holds the position of Payment Services Project Coordinator, Grade 30. (*Id*. ¶ 1.) Williams's declaration states:

> 2.  I have read Andre Anderson's Declaration wherein he attempts to justify the promotion of Ashley Patrick from the position of Payment Services Quality Control Specialist, Grade 26, to the position of Financial Services Operations Analyst, Grade 27. Anderson claims that the promotion was not posted for other employees to apply because the promotion for Patrick was a "career progression" promotion from one job title to the next within the same job family. However, according to the Bank's official published listing of job titles and job families, the two positions are not within the same "job family" at all. A copy of the Bank's listing of job titles "by job family" is attached . . . . The listing groups together all job titles within each specified job family. The first three [numbers] of the job code identifies the "job family" to which the title belongs. For example, job titles 33301 [to] 33310 belong to the job family "333". The position of Payment Services Quality Control Analyst, Grade 26, belongs to this family and is identified by job code 33307. The position to which Patrick was promoted, according to the Bank, was Financial Services Operations Analyst, Grade 27. The job code for the

latter position is 38005 and, according to the listing, the position belongs to the "380" job family.

(*Id.* ¶ 2.) Williams is qualified to testify as to the manner of grouping jobs into job families, as well as the fact that job title "Financial Services Operation Analyst" belongs in to a different job family that job title "Payment Services Quality Control Analyst."

Williams also testified regarding the manner in which defendant evaluates an employee's performance. She stated:

> 3.   Between 1989 and 1998, I supervised other employees and rated their performance. I have first hand familiarity with the Bank's system for evaluating the performance of its employees, both as a rater and as a rated subordinate. As a manager, I was not given formal training on using the performance rating system. There are few, if any, objective standards used by the Bank to measure performance and/or ensure fairness, uniformity or reliability in the performance rating process. I have experienced that the Bank's supervisors and rating officials use subjective judgments and, oftentimes, favoritism in completing performance evaluations. In most instances, the rating supervisors and managers determine which events to emphasize or omit. A disproportionate majority of the Bank's managers and officials are white.

(*Id.*) Based on her years of service and relatively high position, the court finds that Williams testimony regarding her experience with the evaluation process is admissible.

Williams's statement that "a disproportionate majority of the Bank's managers and officials are white" is inadmissible. There is no definition of disproportionate – i.e., does she mean there are twice as many white managers as blacks, three times as many, etc. There is no information given as to which employees within Bank management she is considering. This sentence of Ms. Williams's Declaration is due to be stricken.[2]

---

[2]In his Response to the Motion to Strike Portions of Williams's Declaration plaintiff argues that the Bank's own records, specifically the EEO 1 report for 1997, bears out Ms. Williams's description of the Bank's workforce. While this may be true, without more facts,

7

Therefore, defendant's Motion to Strike Portions of the Declaration of Clauzell Williams will be granted in part and denied in part.

## C. DEFENDANT'S MOTION TO STRIKE DECLARATION OF LATOYA SMITH

Defendant moves to the strike the Declaration of LaToya Smith on the ground that plaintiff never disclosed Smith as an "individual likely to have discoverable information" pursuant to Fed. R. Civ. P. 26(a)(1)(A). Plaintiff contends that it did not discover that Smith had discoverable information until shortly before it submitted its opposition to defendant's Motion for Summary Judgment. Her testimony is offered to rebut the testimony of Anderson's testimony.

At a minimum, plaintiff was aware that Smith might have discoverable information before October 22, 2002, because he had asked for her personnel file. Each party is charged with making its initial disclosures "based on information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case." Fed. R. Civ. P. 26(a)(1). The court finds that Smith's discoverable information was reasonably available to plaintiff. Therefore, plaintiff should have disclosed Smith, pursuant to Fed. R. Civ. P. 26(a)(1)(A).

However, the court will consider Smith's Declaration to the extent it is offered to impeach the testimony of Anderson. Therefore, defendant's Motion to Strike Declaration of LaToya Smith, (doc. 16), is due to be granted in part and denied in part.

---

Ms. Williams's conclusory description of the racial composition of the Bank's management is inadmissible.

### D. DEFENDANT'S MOTION TO STRIKE TAB 23 OF PLAINTIFF'S EVIDENTIARY SUBMISSION AND EXHIBITS A AND C TO THE DECLARATION OF KINESHIA COLLINS

#### 1. Tab 23

Plaintiff does not object to the striking of Tab 23. (Doc. 20 at 5.) Therefore, defendant's Motion to Strike Tab 23 will be granted.

#### 2. Exhibit A to Collins's Declaration

Exhibit A to Collins's Declaration is "a chart computed using information contained with Defendant's EEO-1 for reporting year 1998." (Doc. 12, Ex. 1 ¶ 2.)[3] Defendant moves to strike this document on the ground that Exhibit A contains expert opinion testimony, and the "expert" was not disclosed pursuant to Rule 26. This argument is without merit.

The document is not "expert opinion testimony." The document simply summarizes information contained in the EEO-1 report and Andre Anderson's deposition; defendant does not object to either the admissibility of the EEO-1 report or to the information in Anderson's deposition. The chart is based on simple mathematical equations applied to the numbers to determine the ratio of black and non-black employees receiving a performance rating of

---

[3]Defendant's 1998 EEO-1 is attached to with is attached to Collins's Declaration as Exhibit B, and is not the subject of defendant's Motion to Strike. (*See* Doc. 12, Ex. 1, ex. B.)

"outstanding."[4] The chart does not seek to interpret the numbers or offer any "opinion" as to their significance. Therefore, it is not "opinion" evidence.[5]

Because the chart is merely a mathematical calculation based on numbers provided by evidence to which defendant does not object, the court finds that the failure to create and disclose Collins as an expert does not violate Rule 26(a)(2).

### 3. Exhibit C to Collins's Declaration

Defendant moves to strike Exhibit C to Collins's Declaration on the ground that it is inadmissible hearsay and that no witness has authenticated Exhibit C. Exhibit C is a listing of all employees rated as "outstanding" as of May 1998. Defendant is simply incorrect that no one authenticated this document. Anderson testified that (1) he had seen the document before his deposition, (2) the document was "a listing of employees in the Birmingham branch that were rated outstanding . . . in May of 1998," and (3) the document was

---

[4]Total number of employees on the EEO-1 form is 235. (Doc. 12, Ex. 1, ex. B at 2.) The total of non-black employees is 122 or 52% [122/235=0.519] of the total workforce; the total number of black employees is 113 or 48% [113/235=0.481] of the total workforce. (*Id.*) Out of the total number of employees, 15 employees were rated as "outstanding" in 1998. ( Doc. 12, Ex. 12 at 186 and ex. 4.) Of these 15 employees, 11 are non-black employees and 4 are black employees. (*Id.* at 187.) Therefore, 9% [11/122=0.090] of the non-black work force was rated "outstanding" in 1998 and 3.5% [4/113=0.035] of the black work force was rated "outstanding." These numbers are the numbers set forth on Ex. A to Collins's Declaration.

[5]It is doubtful, however, that this evidence would be admissible at a trial because it lacks relevance. See discussion regarding plaintiff's "statistical" evidence in court's Memorandum Opinion on defendants' Motion for Summary Judgment.

"probably a routine report on outstanding rated employees." (Doc. 12, Ex. 12 at 185-87.) This information is sufficient to establish authenticity for purposes of summary judgment.

The court also finds that for summary judgment purposes, Anderson's testimony is sufficient to allow the document to be admitted as an exception to the hearsay rule, pursuant to Fed. R. Evid. 803(6).[6]

For the reasons set forth above, the court finds that defendant's Motion to Strike Tab 23 and Exhibits A and C of the Declaration of Kineshia Collins is due to be granted in part and denied in part.

### E. PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF ANDRE T. ANDERSON AND MONICA TERRY

Plaintiff moves to strike the Declarations of Andre T. Anderson and Monica Terry on the ground that defendant did not provide the information required by Rule 26(a)(1)(A), other than the names of these witnesses.

Fed. R. Civ. P. 37(c)(1) provides that witnesses not disclosed pursuant to Rule 26(a) shall not be allowed to testify unless the failure to disclose was harmless. The information not disclosed included "the address and telephone number," which is to be disclosed "if known," and the subject of the information the witness is likely to have. Plaintiff actually

---

[6]Fed. R. Evid. 803(6) states, "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made . . . from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of the that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of . . . [a] qualified witness . . . ." is "not excluded by the hearsay rule . . ."

11

deposed Anderson, so failure to disclose his address or the subject of his information is harmless. Terry had been plaintiff's supervisor and she was employed by defendant in Birmingham at all times relevant to this matter. (Doc. 8, Ex. D.) Therefore, the court cannot say that plaintiff was harmed by defendant's failure to list Terry's address and telephone number or the information she likely had.

Because plaintiff has not demonstrated that it suffered any harm as a result of defendant's failure to disclose the address, telephone number, and subject of information for Terry and Anderson, plaintiff's Motion to Strike is due to be denied.

## CONCLUSION

Based on the foregoing, the court finds that defendant's Motion to Strike Evidence Submitted under Tab 36 of Plaintiff's Submission of Evidence, (doc. 14), is due to be denied; defendant's Motion to Strike Portions of the Declaration of Clauzell Williams, (doc. 15), is due to be denied; defendant's Motion to Strike Declaration of Latoya Smith, (doc. 16), is due to be granted in part and denied in part; defendant's Motion to Strike Tab 23 of Plaintiff's Evidentiary Submission and Exhibits A and C to the Declaration of Kineshia Collins, (doc. 17), is due to be granted in part and denied in part; and plaintiff's Motion to Strike Declarations of Andre T. Anderson and Monica Terry, (doc. 23), is due to be denied. An order in conformity herewith will be entered contemporaneously with this Memorandum Opinion.

**DONE** this  29th  day of March, 2004.

_____
**SHARON LOVELACE BLACKBURN**
United States District Judge

13