
FILED
2008 Mar-17  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DWIGHT D. MYRICKS,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**FEDERAL RESERVE BANK OF** )<br>**ATLANTA,** )<br>)<br>    **Defendant.** ) | **CV 03-B-0163-S** |

## MEMORANDUM OPINION

This case is currently pending before the court on plaintiff's Motion for Reconsideration. (Doc. 60.) Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff asks the court "to reconsider its May 23, 2007 Order taxing costs against the Plaintiff." (*Id*. at 1.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion for Reconsideration, (doc. 60), is due to be denied.

The court notes that plaintiff seeks to set aside an Order taxing costs that was entered by the Clerk of Court. Therefore, Rule 59 does not apply. *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268-69 (1988). However, a request for the court to review an Order taxing costs may be made pursuant to Rule 54(d)(1), which states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs
> – other than attorney's fees – should be allowed to the prevailing party. . . .
> The clerk may tax costs on 1 day's notice. On motion served within the next
> 5 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

Defendant objects to plaintiff's Motion for Reconsideration on the ground that plaintiff's Motion is untimely.  The Clerk of the Court entered an Order taxing costs on May 23, 2007, (doc. 59); plaintiff filed his Motion for Reconsideration on June 4, 2007, (doc. 60). Therefore, plaintiff's Motion was untimely pursuant to Rule 54(d)(1).[1]

The court notes that plaintiff has offered no explanation for its failure to timely file its Motion for Reconsideration.  However, the court can extend the five-day period for good cause pursuant to Rule 6(b).  *Reinhart v. Shaner*,  234 F.R.D. 698, 700-01 (M.D. Ala. 2006)(citing *Baum v. United States*, 432 F.2d 85, 86 (5th Cir. 1970);[2] *United States v. Kolesar*, 313 F.2d 835, 837 n.1 (5th Cir. 1963); *Breitenbach v. Neiman Marcus Group*, 181 F.R.D. 544 (N.D. Ga. 1998) *aff'd* 176 F.3d 495 (11th Cir.1999); *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496 (N.D. Ga. 1984)).  Plaintiff has not offered any explanation for his failure to timely file his Motion for Reconsideration; therefore, Rule 6(b) does not apply.  *Id*. at 701; *see also Shortz v. Auburn University at Montgomery*, CV No.

---

[1]Pursuant to Fed. R. Civ. P. 6(a), five days after entry of the Order taxing costs was May 31, 2007.  Fed. R. Civ. P. 6(a); *see also Reinhart v. Shaner*,  234 F.R.D. 698, 700 (M.D. Ala. 2006)(applying Rule 6(a) to the calculation of the time for filing an objection to an Order taxing costs).

[2]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(*en banc*).

2:05cv83-MHT, 2007 WL 2094624, at *2  (M.D. Ala. July 20, 2007).[3]

Therefore, the court finds that plaintiff's Motion for Reconsideration, (doc. 60), is due

to be denied.  An Order denying plaintiff's Motion for Reconsideration will be entered

contemporaneously with this Memorandum Opinion.[4]

**DONE**, this the 17th day of March, 2008.

Sharon Lovelace Blackburn
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The *Shortz* court stated:

Under the terms of [Rule 6(b)], the court may enlarge the five-day period
retroactively ***only*** if Shortz demonstrates that his untimeliness was due to
excusable neglect.  The excusable-neglect standard is a relatively forgiving
one.  However, it is a standard, and it must be applied.  Shortz provides the
court with no explanation, let alone an excusable one, for his failure to meet
the January 17 deadline.  Consequently, Rule 6(b) does not forgive the
untimeliness of Shortz's motion.

*Shortz*, 2007 WL 2094624, at *2 (emphasis added).

[4]Although the Motion for Reconsideration is due to be denied because it is untimely,
the court notes that even if it were timely, the Motion would be denied on the merits.  The
court has carefully considered both the plaintiff and defendant's arguments and for the
reasons argued in defendant's Response, (doc. 61), concludes that the Motion for
Reconsideration would be due to be denied on its merits if the Motion had been timely filed.